### ELISHA CLARK *vs.* HARRY CLARK.

Rutland,
*February,*
1835.

After verdict in an action of ejectment, if the lands are so imperfectly described that it cannot be known for what the verdict was given, the judgment should be arrested.

This was an action of ejectment for lands in Clarendon.

The plaintiff offered evidence tending to show a title in the plaintiff, and that the defendant was in possession.

The defendant then offered a deed from plaintiff to him, of certain land in Clarendon, dated 1st May, 1807, accompanied with evidence tending to show a possession in himself of the north half of the Kenny farm and the land east of the same, together with the second piece of land described in said declaration, lying north-east of the north half of said Kenny farm, accompanied with evidence tending to prove that the plaintiff said he meant to include said second piece, and would deed the same.

The court decided that any acceptance under these circumstan-

RUTLAND,
February,
1835.

Clark
vs.
Clark.

ces would not entitle the defendant to claim said second piece, and that the same was not included in the deed from the plaintiff to defendant.

The defendant also contended that the deed should be so construed as to include the land lying directly east of the north half of that part of said Kenny farm lying west of the highway, and also the second described piece, having been occupied by said defendant, and lying adjoining the land admitted to be in the defendant ;—that the court should have left it to the jury to determine whether the plaintiff meant to convey by said deed said second piece.

The court also left it to the jury whether the land lying directly east of the west part of the said Kenny farm was intended by the parties to be included in said deed.

The defendant, after judgment on the verdict in this cause, moved the court in arrest of judgment for the uncertainty and insufficiency of the plaintiff's declaration. The court refused to set aside the judgment.

The following is the description of land in the plaintiff's declaration :

"Bounded on the south by the farm formerly owned and occu" pied by Elisha Clark, now the property of B. R. Clark ; east by " Silas Green's farm; north and west by the same land on which " the said Harry resides. Also, one other tract or parcel of land, " bounded east and north by Silas Green's home farm ; south by the " land which Elisha Clark deeded to Harry Clark ; west by Asa " Chaffee's home farm."

*Royce and Strong for defendant.*—The court erred in refusing to arrest the judgment.

1. Because the verdict, if it gives the plaintiff any land, gives him one acre, which appears by the deed, and was admitted on the trial to be the land of the defendant. This appears from an inspection of the deed and plan.

2. The declaration, in attempting to describe the first piece of land, does not describe any land as appears from an inspection of the declaration and plan.

3. If the declaration, in attempting to describe the first piece of land, does describe any land, the description is so vague that judgment ought to be arrested.

There are a variety of authorities from the 30th of Eliz. (A. D. 1589) to the 47th Geo. (A. D. 1807) going to establish the principle that the description ought to be so definite that the sheriff can, without any guide, give possession of the land.—*Austin et al.*

RUTLAND,
February,
1835.

Clark
vs.
Clark.

Cro. Eliz. 116. *Wood* vs. *Payne*, Cro. Eliz. 186. *Good-title* vs. *Wallace*, 2 Strange, 834. *Makefar* vs. *Hapwood*, 1 Barnes' Notes on C. P. 117. 3 Wils. 23. *Bradshaw* vs. *Plowman*, 1 East. 441. *Wright* vs. *Otway*, 8 East. 357.

The following cases are referred to, as bearing upon the same point.—3 Mod. 238. 11 Co. 55, *a.* 1 San. 188. Owen, 93. 1 Sid. 295, 340. 2 Roll. Abr. 448.—See also *Jackson dem. Moore* vs. *Bergen*, 1 John. Cases, 161. *Talbot* vs. *Wheeler*, 4 Day, 448.

In the case ——— vs. *Whitney & Dyer*, decided in Rutland County, January Term, A. D. 1819, (not reported) judgment was arrested for the uncertainty of the description in the declaration, which was in these words : " Fifty acres of the south side of the said Cleves' home farm in Clarendon, it being the same farm on which the said Cleves now lives."

*Smith and Thrall for plaintiff*, contended,

I. The declaration is sufficient.

1st. The premises are described in the common and usual manner, and the sheriff might even find the land without resorting to the parties.

2d. The jury returned a special verdict. The defendant submitted to it, and the plaintiff is entitled to his writ of possession for the land specified in the verdict. If the declaration is too loose, it is cured by the verdict.

3d. In a præcipe in a real action, which is a formal writ, precision was requisite, because it was necessary to follow the form prescribed in the register, though the same strictness was carried into the action of ejectment when first introduced. Yet the more modern rule is, the plaintiff shows the sheriff, and takes possession at his peril ; and if he takes more or other land, he is a trespasser, and would be liable to an action ; or the court, in a summary way, will set it right.—1 Swift. Dig. 650. 1 Whea. Sel. 590. Adams' Eject. 20, 21, 24, 25. Remington's Eject. 123, 128, 129. *Collingham* vs. *King*, 1 Burr. 628. *Conner* vs. *West*, 5 do. 2672. *Porter* vs. *Morgan*, Cro. Eliz. 465. 4 Day. 448.

II. The decision of the court, on the construction of the defendant's deed, is correct.

1st. There is no pretence for saying the deed included the piece of land lying north-east of the Kenny farm.

2d. The parties having divided the western and wider section

of the Kinney lot in the centre, the east and narrow section must also be divided in the centre ; and the defendant can only claim the land lying east of one half of the narrow section.

3d. Whether the parties did or did not intend to include in the deed the land claimed by the defendant, and lying south of the narrow section of the Kinney lot, was submitted to the jury, and the jury have found the fact against the defendant.

RUTLAND,
*February*
1835.
Clark
*vs*
Clark.

The opinion of the court was delivered by

Williams, Ch. J.—In this case, several questions arose on the jury trial. There was also a motion in arrest, which was overruled. The ground of this motion is, that the premises in the plaintiff's declaration are so described, that it cannot now be ascertained for what the recovery was had. We have not examined particularly the questions which arose on the jury trial, as we are decidedly of opinion, that the motion in arrest should have prevailed. The action of ejectment in England, is solely a possessory action, and determines nothing more than the right to possession, at the time of the demise laid in the declaration. In this state, the declaration counts upon a seisin in fee, and the judgment rendered thereon is conclusive against both the plaintiff and defendant and their heirs. It partakes so much of the nature of a real action, that a greater degree of certainty is required in the description of the land, than would now be required in England. While the action of ejectment was compared to a real action, as great a degree of certainty was required, as in a *præcipe quod reddat*. While the *præcipe* was used only in an adverse suit, and in the action of ejectment, it was considered as necessary to give a description sufficiently certain and particular, to enable the defendant to know for what he was called into court, and against what he was to defend. It was formerly considered that the description must be so certain, that the sheriff might know of what to deliver possession ; and although the rule, which requires this strictness, has been in some measure relaxed, yet it is still necessary, that the premises should be so described, as that the defendant may be able to ascertain what is sued for, and that the plaintiff may be able to point out the land recovered to the sheriff, who may execute the writ of possession. It would undoubtedly be sufficient to designate the land sued for, as a lot of such a number, or a division laid to a particular right, or by any description by which the particular location could be ascertained, but a description as a lot containing so many acres, a close, or piece of land without any words to designate the particular

RUTLAND,
February,
1835.

Clark
vs.
Clark.

close, or piece,. would not answer.   A reason is given, why the practice, as to making a particular description, has been altered, that the sheriff now delivers possession according to the directions of the plaintiff, and if he takes possession of more than he recovers, the court will, in a summary way, correct the procedure.   For the same reason, it is necessary that there should be such a description, either in the declaration or in the verdict, that the court can ascertain by the proceedings before them, for what the recovery is had, and rectify the proceedings if the plaintiff takes possession of too much.   In this case, the description is so vague and indefinite, that the plaintiff cannot ascertain for how much, or what particular land, the jury intended to find a verdict.   The court have no means of ascertaining, except by inquiring of the same jury who returned the verdict, to what part of the land, in the possession of the defendant, the plaintiff made a title.   The declaration fixes the south boundary with sufficient certainty, as the land sold by the plaintiff to, and occupied by Burr R. Clark.   The east boundary is sufficiently definite, to wit, on the farm of Silas Green : But the north and west boundary is the land on which the defendant resides.   The action supposes the defendant in possession of the land claimed by the plaintiff, and his possession extended south to the land of Burr R. Clark, and east to Silas Green's farm.   It will be difficult to find a boundary between the possession of the defendant and the land of Burr R. Clark, if the possession of the defendant extended to that line.   It is very apparent, therefore, that there is no land described in the declaration.   It is impossible to ascertain for how much the recovery was had, or to what the plaintiff made title.   If the plaintiff should direct the sheriff, in executing a writ of possession on the judgment, he might take possession of ten, twenty, or any indefinite number of rods north of Burr R. Clark's land ; and if he took possession of more than he was entitled to, the court could not relieve, as they could not ascertain for how much the jury intended to find a verdict.   The special verdict was only for the land west of a certain road, but does not obviate the difficulty arising from the imperfect description of the north boundary.   The case of *Arnold* against *Whitney & Dyer*, decided in this county in 1817, (not reported) is an authority directly on the question before us.   That case was decided after an argument, and after several decisions had been made to the same effect.   The judgment was there arrested for an uncertainty in the description, not as vague or indefinite, as the description in this declaration.

The judgment of the county court is reversed, and the judgment arrested.